(January 18, 2017)

■ Nissim Abaev, Appellant, v Reddy Raw, Inc., et al., Respondents. [45 NYS3d 528]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Buggs, J.), entered June 21, 2016, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A vehicle operated by the plaintiff allegedly came into contact

with a vehicle operated by the defendant Darin Figueroa and owned and/or leased by the defendants Reddy Raw, Inc., and Reddy Raw Affiliated Companies. The accident occurred on the westbound Brooklyn-Queens Expressway, at or near an exit for the Long Island Expressway. Subsequently, the plaintiff commenced this action against the defendants, alleging negligence and personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We affirm.

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Moluh v Vord*, 143 AD3d 680 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Espinoza v Coco-Cola Bottling Co. of N.Y., Inc.*, 121 AD3d 640 [2014]; *Gorenkoff v Nagar*, 120 AD3d 470, 471 [2014]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]). Here, in support of his motion for summary judgment on the issue of liability, the plaintiff submitted his affidavit in which he averred that, while stopped for between 20-30 seconds for then-existing traffic conditions westbound on the Brooklyn-Queens Expressway near an exit for the Long Island Expressway, his vehicle was struck in the rear by the defendants' vehicle. This affidavit was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law, as it demonstrated that he was not comparatively negligent in the happening of the subject accident and established a prima facie case of negligence against the defendants, requiring them to come forward with a nonnegligent explanation for the collision (*see Lutz v Defabio*, 140 AD3d 1032, 1033 [2016]; *De Castillo v Sormeley*, 140 AD3d 918, 919 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d at 23).

However, the defendants raised triable issues of fact in opposition to the motion by submitting the affidavit of Figueroa, who averred therein that the collision actually occurred as the plaintiff's vehicle went from behind him onto an exit ramp for the Long Island Expressway and then suddenly cut back into his lane of travel, causing the accident. Given these sharply disputed factual and credibility issues regarding the manner in which the subject accident occurred, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability (*cf. Martin v Cartledge*, 102 AD3d 841 [2013]). Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.