■ Shimon Butbul, Appellant, v City of New York et al., Respondents, et al., Defendants. [48 NYS3d 192]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by his brief,

from (1) so much of an order of the Supreme Court, Kings County (Baynes, J.), dated October 10, 2014, as granted that branch of the motion of the defendant Joseph C. Taormina which was for summary judgment dismissing the complaint insofar as asserted against him, (2) so much of an order of the same court, also dated October 10, 2014, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) so much of an order of the same court, also dated October 10, 2014, as granted that branch of the motion of the defendants Felix Associates, LLC, Brooklyn Arena, LLC, and Atlantic Yards Development Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the first order dated October 10, 2014, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Joseph C. Taormina which was for summary judgment dismissing the complaint insofar as asserted against him is denied; and it is further,

Ordered that the second and third orders dated October 10, 2014, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Joseph C. Taormina, and one bill of costs is awarded to the defendant City of New York and to the defendants Felix Associates, LLC, Brooklyn Arena, LLC, and Atlantic Yards Development Company, LLC, appearing separately and filing separate briefs, payable by the plaintiff.

On June 3, 2008, while driving his vehicle on Flatbush Avenue in Brooklyn near the Barclays Center construction site, the plaintiff was involved in a motor vehicle accident with a vehicle operated by the defendant Joseph C. Taormina. The plaintiff testified at his deposition that the accident occurred when Taormina's vehicle, which was traveling in the lane of traffic next to his lane, veered into his lane to avoid striking a construction flagman employed by the defendant Felix Associates, LLC. The flagman was standing in the street and had stopped traffic to allow a New York City fire truck, which was traveling on Dean Street toward the intersection of Dean Street and Flatbush Avenue, into the intersection. The plaintiff commenced this action against Taormina, the City of New York, as the owner and operator of the fire truck, and various entities involved in the construction of the Barclays Center. The City of New York, Taormina, and Felix Associates, LLC, Brooklyn Arena, LLC, and Atlantic Yards Development Company, LLC, all successfully moved for summary judgment dismissing the

complaint insofar as asserted against each of them, and the plaintiff appeals.

Taormina demonstrated, prima facie, that he was not at fault in the happening of the accident, by submitting evidence including the deposition testimony of the flagman, who testified that the plaintiff was using his cell phone when his vehicle struck Taormina's fully stopped vehicle in the rear (*see Mankiewicz v Excellent*, 25 AD3d 591 [2006]). In opposition to Taormina's motion, the plaintiff raised triable issues of fact through his submission of his own deposition testimony and affidavit in which he claimed that Taormina made a sudden and unexpected lane change into the plaintiff's lane (*see Finney v Morton*, 127 AD3d 1134 [2015]; *Scheker v Brown*, 85 AD3d 1007 [2011]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]). We note that it is not the function of the court, on a motion for summary judgment, to resolve matters of credibility (*see Bonaventura v Galpin*, 119 AD3d 625 [2014]). Accordingly, the Supreme Court should have denied that branch of Taormina's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

The City demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by establishing, prima facie, that the alleged negligence of the operator of the fire truck was not a proximate cause of the accident (*see Bonomonte v City of New York*, 17 NY3d 866, 867 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Brooklyn Arena, LLC, and Atlantic Yards Development Company, LLC, demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by establishing that they were not working at the site and had no employees there on the date of the accident. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Felix Associates, LLC, also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by establishing that the conduct of the flagman it employed was not a proximate cause of the accident (*see Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Brooklyn Arena, LLC, Atlantic Yards Development Company, LLC, and Felix Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.