Flores v Westchester County Bee Line (2020 NY Slip Op 04538)





Flores v Westchester County Bee Line


2020 NY Slip Op 04538


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-05818
 (Index No. 63593/15)

[*1]Laura Flores, appellant, 
v
Westchester County Bee Line, et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie Bross of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Jason M. Bernheimer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 17, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when she fell while riding as a passenger on a bus allegedly owned by the defendant County of Westchester, leased by the defendant Westchester County Bee Line, and operated by the defendant Herbert Portorreal. She commenced this action against the defendants, alleging that they were negligent, inter alia, in the operation of the bus. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see M.M.T. v Relyea, 177 AD3d 1013). Here, the defendants established, prima facie, that Portorreal was not negligent in the happening of the accident (see generally Rohn v Aly, 167 AD3d 1054, 1056; Yelder v Walters, 64 AD3d 762, 764). Moreover, the defendants demonstrated, prima facie, that the movement of the bus was not "unusual or violent" or of a class different from "the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Cui Fang Li v New York City Tr., 155 AD3d 938, 939; Bethune v MTA Long Is. Bus, 138 AD3d 1052; Dowdy v MTA-Long Is. Bus, 123 AD3d 655). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the defendants' remaining contention.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court