Choo v Virginia Transp. Corp. (2022 NY Slip Op 02387)

Choo v Virginia Transp. Corp.

2022 NY Slip Op 02387

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-08870
 (Index No. 34025/17)

[*1]Stewart N. Choo, appellant, 
v
Virginia Transportation Corp., et al, respondents.

Napoli Shkolnik PLLC, New York, NY (Joseph Napoli and Craig Phemister of counsel), for appellant.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [Scott W. Driver], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated June 28, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
This action arises from a two-vehicle accident which occurred on the morning of November 10, 2016, on the southbound side of Interstate 87, near Exit 14, in Rockland County. The accident involved a car driven by the plaintiff and a tractor-trailer driven by the defendant Nelson S. DeSouza, and owned by DeSouza's employer, the defendant Virginia Transportation Corp. (hereinafter together the defendants).
Following the close of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated June 28, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" Flores v Westchester County Bee Line, 186 AD3d 676, 676 [internal quotation marks omitted]). "There can be more than one proximate cause of an accident, and, [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Estate of Cook v Gomez, 138 AD3d 675, 676-677 [citations and internal quotation marks omitted]). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Bermejo v Khaydarov, 155 AD3d 597, 597-598 [internal quotation marks omitted]).
A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law (see Vehicle and Traffic Law §§ 1128[a]; 1142[b]; Edwards v J & D Express Serv. Corp., 180 AD3d 871, 872). Moreover, "[t]he operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951). "Although [*2]a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. They demonstrated, through the deposition testimony of the plaintiff and DeSouza, that the plaintiff was negligent as a matter of law, as he failed to yield the right-of-way and instead increased his speed in an attempt to merge on to the highway ahead of the tractor-trailer (see Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612; Yelder v Walters, 64 AD3d at 764). The defendants also demonstrated that the plaintiff's actions were the sole proximate cause of the accident (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Criollo v Maggies Paratransit Corp., 155 AD3d 683, 684).
In opposition, the plaintiff failed to raise a triable issue of fact (see Foley v Santucci, 135 AD3d 813, 814; Heltz v Barratt, 115 AD3d 1298, 1299, affd 24 NY3d 1185). The expert affidavit submitted by the plaintiff was speculative, conclusory, and unsupported by the record (see Galano v ILC Holdings, Inc., 164 AD3d 1315, 1317).
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court