Hamer v Dunn (2022 NY Slip Op 03100)





Hamer v Dunn


2022 NY Slip Op 03100


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-02207
 (Index No. 513205/17)

[*1]Charisma C. Hamer, plaintiff, 
v
Benjamin Dunn, respondent, Shanel Bethea, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Shanel Bethea appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated January 6, 2021. The order, insofar as appealed from, in effect, denied the motion of the defendant Shanel Bethea for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Shanel Bethea for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
In June 2017, the plaintiff commenced this action against the defendants, Benjamin Dunn and Shanel Bethea, to recover damages for personal injuries she alleged she sustained in November 2016 when she was a passenger in a vehicle driven by Bethea which was in a collision with a vehicle driven by Dunn near the intersection of Pennsylvania Avenue and Dumont Avenue in Brooklyn. Thereafter, Bethea moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The plaintiff did not oppose Bethea's motion, and Dunn did. In an order dated January 6, 2021, the Supreme Court, inter alia, in effect, denied Bethea's motion.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident at issue (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974; see Vainer v DiSalvo, 79 AD3d 1023, 1024). Although a driver with a right-of-way has a duty to use reasonable care to avoid a collision, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974, quoting Yelder v Walters, 64 AD3d 762, 764).
The Supreme Court should have granted Bethea's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Here, in support of her [*2]motion, Bethea submitted, inter alia, a transcript of her deposition testimony and that of Dunn, which demonstrated, prima facie, that Bethea was not at fault in the happening of the accident (see Jeong Sook Lee-Son v Doe, 170 AD3d at 974-975; Vainer v DiSalvo, 79 AD3d at 1024; see also Vehicle and Traffic Law § 1128[a]). In opposition, Dunn failed to raise a triable issue of fact (see Jeong Sook Lee-Son v Doe, 170 AD3d at 975; Vainer v DiSalvo, 79 AD3d at 1024).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court