Vigdorchik v Vigdorchik (2022 NY Slip Op 05886)

Vigdorchik v Vigdorchik

2022 NY Slip Op 05886

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-07598
 (Index No. 509221/17)

[*1]Shany Vigdorchik, plaintiff,
v
Elena Vigdorchik, appellant, Done Right Hood and Fire Safety, Inc., et al., respondents.

James G. Bilello & Associates, Hicksville, NY (Patricia McDonagh of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Elena Vigdorchik appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 9, 2020. The order, insofar as appealed from, in effect, denied that branch of the motion of that defendant which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Elena Vigdorchik which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
In May 2017, the plaintiff commenced this action to recover damages for personal injuries she alleged she sustained in June 2016 when she was a passenger in the front seat of a vehicle driven by her mother, the defendant Elena Vigdorchik (hereinafter the appellant). According to the plaintiff, on the day at issue, the appellant's vehicle was on the Staten Island Expressway and was entering the left most lane of the two exit ramp lanes when a vehicle driven by the defendant Ronnie Alexander (hereinafter the defendant van driver) and owned by his employer, the defendant Done Right Hood and Fire Safety, Inc. (hereinafter together the Fire Safety defendants), traversed from its lane into the appellant's lane of travel and hit the driver's side of the appellant's vehicle with its right side. The plaintiff alleged, inter alia, that all of the defendants were negligent in, among other things, their ownership and operation of their respective vehicles at the time of the accident.
After discovery, the appellant moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The plaintiff did not oppose the motion; the Fire Safety defendants did. In an order dated September 9, 2020, the Supreme Court determined that the Fire Safety defendants were negligent, but, in effect, denied that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
"A defendant moving for summary judgment in a negligence action has the burden [*2]of establishing, prima facie, that he or she was not at fault in the happening of the accident at issue" (see Hamer v Dunn, 205 AD3d 778, 778; Jeong Sook Lee—Son v Doe, 170 AD3d 973, 974). Although the issue of proximate cause is generally a determination for a trier of fact (see Choo v Virginia Transp. Corp., 204 AD3d 743, 744; Estate of Cook v Gomez, 138 AD3d 675, 677), "'the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts'" (Choo v Virginia Transp. Corp., 204 AD3d at 744, quoting Bermejo v Khaydarov, 155 AD3d 597, 597-598).
"A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law" (Choo v Virginia Transp. Corp., 204 AD3d at 744; see Vehicle and Traffic Law § 1128[a]). Moreover, a driver of a vehicle with the right-of-way is entitled to anticipate that the driver in the lane next to him or her will obey the traffic laws requiring them to yield to a driver with the right-of-way (see Hamer v Dunn, 205 AD3d at 778). "'[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Choo v Virginia Transp. Corp., 204 AD3d at 744, quoting Yelder v Walters, 64 AD3d 762, 764).
Here, in support of her motion, the appellant submitted evidence which included, among other things, a dash cam video of the accident which demonstrated that the defendant van driver failed to yield the right-of-way to the appellant's vehicle in violation of Vehicle and Traffic Law § 1128(a). The video revealed that the defendant van driver suddenly moved into the appellant's lane of travel as that lane widened to become both a travel lane and an exit ramp lane and, within seconds, the right side of the vehicle of the defendant van driver collided with the driver's side of the appellant's vehicle as the appellant's vehicle was entering the exit ramp lane. Thus, the evidence submitted by the appellant established, prima facie, that the defendant van driver's failure to yield was the sole proximate cause of the collision and that the appellant was free from fault (see e.g. Choo v Virginia Transp. Corp., 204 AD3d at 744; Vainer v DiSalvo, 79 AD3d 1023, 1024).
In opposition, the Fire Safety defendants failed to raise a triable issue of fact (see e.g. Choo v Virginia Transp. Corp., 204 AD3d at 745; Vainer v DiSalvo, 79 AD3d at 1024) as to whether the appellant was negligent in failing to avoid the collision (see Vainer v DiSalvo, 79 AD3d at 1024).
The Fire Safety defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court