Guido v Dagnese (2023 NY Slip Op 01184)

Guido v Dagnese

2023 NY Slip Op 01184

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-06886
 (Index No. 150250/18)

[*1]Lisa Guido, plaintiff-respondent, 
v
John J. Dagnese, appellant, Marie A. Guido, defendant-respondent.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Chelli & Bush (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for plaintiff-respondent.
Nicole Lesperance, Westbury, NY (Yamile Al-Sullami of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant John J. Dagnese appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated July 23, 2020. The order, insofar as appealed from, denied the motion of the defendant John J. Dagnese for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendant John J. Dagnese.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendant John J. Dagnese for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted, and that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendant John J. Dagnese is denied.
The plaintiff allegedly was injured when the vehicle in which she was a passenger, operated by the defendant Marie A. Guido, came into contact with a vehicle operated by the defendant John J. Dagnese. Prior to impact, the Guido vehicle was traveling westbound in the right lane of Hylan Boulevard, and the Dagnese vehicle was traveling in the same direction in the left lane. When the Guido vehicle attempted to change into the left lane, it came into contact with the Dagnese vehicle. The plaintiff commenced this action to recover damages for personal injuries against the defendants. Dagnese moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against Dagnese. In an order dated July 23, 2020, the Supreme Court, inter alia, denied Dagnese's motion and granted that branch of the plaintiff's cross-motion. Dagnese appeals.
With respect to Dagnese's motion, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709). "[A] driver is [*2]negligent if he or she makes an unsafe lane change (see Vehicle and Traffic Law § 1128[a]), or fails to see that which, through the proper use of one's senses, should have been seen" (Fogel v Rizzo, 91 AD3d 706, 707). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). "There can be more than one proximate cause of an accident" (Estate of Cook v Gomez, 138 AD3d 675, 676-677), and, "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Bermejo v Khaydarov, 155 AD3d 597). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889; see Howard v Poseidon Pools, 72 NY2d at 974; Estate of Cook v Gomez, 138 AD3d at 677).
Here, in support of his motion, Dagnese submitted the transcripts of the parties' deposition testimony, which demonstrated, prima facie, that Marie A. Guido failed to see what was there to be seen and attempted to change lanes when it was unsafe to do so in violation of Vehicle and Traffic Law § 1128(a), and that her negligent operation of her vehicle was the sole proximate cause of the accident (see generally Simon v Rent-A-Center E., Inc., 180 AD3d 1100, 1101; Criollo v Maggies Paratransit Corp., 155 AD3d 683, 684; Heath v Liberato, 82 AD3d 841; Vainer v DiSalvo, 79 AD3d at 1023-1024). In opposition, the plaintiff and Marie A. Guido failed to raise a triable issue of fact.
With respect to the plaintiff's cross-motion, "[a] plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Wise v Boyd Bros. Transp. Inc., 194 AD3d 1097, 1098). A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989, 991). Here, the plaintiff failed to establish, prima facie, that Dagnese, who had the right-of-way, was negligent in the operation of his vehicle (see Lindo v Katz, 205 AD3d 1016, 1017; Wise v Boyd Bros. Transp. Inc., 194 AD3d at 1097-1098; S.G. v Singh, 189 AD3d 786, 787). Therefore, the burden never shifted to Dagnese to submit evidence sufficient to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Dagnese's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against Dagnese.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court