Salama v Piccirillo (2024 NY Slip Op 00093)

Salama v Piccirillo

2024 NY Slip Op 00093

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2022-01534
 (Index No. 601221/20)

[*1]Fahd Salama, appellant, 
v
Tana T. Piccirillo, respondent, et al., defendant (and a third-party action).

Gruenberg Kelly Della (Sean Kelly and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 18, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Tana T. Piccirillo which was for summary judgment dismissing the amended complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 10, 2018, the plaintiff allegedly was injured when a vehicle in which he was a passenger, operated by the defendant Randa Soryal, collided with a vehicle operated by the defendant Tana T. Piccirillo on Lakeland Avenue in Bohemia. Prior to the collision, Soryal was stopped in a left-turn-only center lane on Lakeland Avenue, facing southbound, and Piccirillo was driving in the leftmost southbound lane. Soryal attempted to turn right across the two southbound lanes, and while making that turn, her vehicle collided with Piccirillo's vehicle. The plaintiff subsequently commenced this action to recover damages for personal injuries against Piccirillo and Soryal. Thereafter, Piccirillo moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against her. In an order dated February 18, 2022, the Supreme Court, among other things, granted that branch of Piccirillo's motion. The plaintiff appeals.
A defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the collision (see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121; Enriquez v Joseph, 169 AD3d 1008, 1008-1009). Although "[t]here can be more than one proximate cause of an accident, and, generally, it is for the trier of fact to determine the issue of proximate cause," "the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Guido v Dagnese, 214 AD3d 715, 716 [citation, alterations, and internal quotation marks omitted]; see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889).
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Guido v Dagnese, 214 AD3d at 716). "[A] driver is negligent if he or she makes an unsafe lane change (see Vehicle and Traffic Law § 1128[a]), or fails to see that which, through the proper use of one's senses, should have been seen" (Fogel v Rizzo, 91 AD3d 706, 707). "A driver has a duty [*2]not to merge into a lane of moving traffic until it is safe to do so," and "a driver of a vehicle with the right-of-way is entitled to anticipate that the driver in the lane next to him or her will obey the traffic laws requiring them to yield to a driver with the right-of-way" (Vigdorchik v Vigdorchik, 209 AD3d 923, 924 [internal quotation marks omitted]). Further, "[a] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744 [internal quotation marks omitted]).
Here, Piccirillo demonstrated, prima facie, that Soryal failed to see what there was to be seen and attempted to change lanes when it was unsafe to do so in violation of Vehicle and Traffic Law § 1128(a) (see Guido v Dagnese, 214 AD3d at 716-717). Piccirillo submitted, inter alia, a certified copy of the police accident report, which indicated that Soryal admitted she "did not see" Piccirillo's vehicle when turning right from the center lane into Piccirillo's lane. Moreover, Piccirillo demonstrated, prima facie, that Soryal's negligent operation of her vehicle was the sole proximate cause of the collision (see Vigdorchik v Vigdorchik, 209 AD3d at 924). In opposition to Piccirillo's prima facie showing of entitlement to judgment as a matter of law, the speculative assertions of the plaintiff and Soryal that Piccirillo may have contributed to the happening of the collision or may have been able to avoid it were insufficient to raise a triable issue of fact (see Wade v Knight Transp., Inc., 151 AD3d 1107, 1110; Wu Kai Ming v Grossman, 133 AD3d 742, 742-743).
Accordingly, the Supreme Court properly granted that branch of Piccirillo's motion which was for summary judgment dismissing the amended complaint insofar as asserted against her.
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court