Van Manen v New York City Tr. Auth. (2024 NY Slip Op 04130)

Van Manen v New York City Tr. Auth.

2024 NY Slip Op 04130

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-00047
 (Index No. 150127/19)

[*1]Brian Van Manen, respondent, 
v
New York City Transit Authority, et al., appellants, et al., defendant.

Anna J. Ervolina, Brooklyn, NY (Harriet Wong and Timothy J. O'Shaughnessy of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glenn Schwartz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Angelo Orlando appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 6, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Angelo Orlando is denied.
The plaintiff, a passenger on a bus traveling in Staten Island, allegedly was injured when the bus was involved in a minor accident with another vehicle. The plaintiff commenced this action to recover damages for personal injuries against the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Angelo Orlando (hereinafter collectively the MTA defendants), and the defendant Jose L. Almodovar, who owned the other vehicle involved in the accident. Almodovar subsequently moved for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against the MTA defendants. In an order dated December 6, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the MTA defendants. The MTA defendants appeal.
Ths Supreme Court erred in granting that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability insofar as asserted against the MTA defendants. "[A] plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Guido v Dagnese, 214 AD3d 715, 717 [internal quotation marks omitted]; see Shah v MTA Bus Co., 201 AD3d 833, 834; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "If the plaintiff fails to [*2]demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Guido v Dagnese, 214 AD3d at 717; Wise v Boyd Bros. Transp., Inc., 194 AD3d 1097, 1098).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of the MTA defendants' liability (see Guido v Dagnese, 214 AD3d at 717; Shah v MTA Bus Co., 201 AD3d at 834). In opposition, however, the MTA defendants raised triable issues of fact as to whether there was a nonnegligent explanation for the accident and whether the other vehicle was the sole proximate cause of the accident (see Wise v Boyd Bros. Transp., Inc., 194 AD3d at 1097). Specifically, the defendant bus driver's deposition testimony raised triable issues of fact as to whether the bus driver's sudden application of the brakes was necessary to avoid a more serious collision with the other vehicle and whether the other vehicle traveled from behind the bus in the left lane and attempted to execute a right turn from the left lane by passing in front of the bus.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the MTA defendants.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court