Houston v McQuiller (2024 NY Slip Op 05594)

Houston v McQuiller

2024 NY Slip Op 05594

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06180
 (Index No. 522899/21)

[*1]Diamond Houston, plaintiff-respondent,
v
Emanuel McQuiller, defendant-respondent, Jose Rosario, et al., appellants.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka of counsel), for appellants.
Joshua Brian Irwin, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for plaintiff-respondent.
Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jose Rosario and Fast Trucking 613, Inc., appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 12, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Jose Rosario and Fast Trucking 613, Inc., and dismissing those defendants' first and second affirmative defenses and granted the cross-motion of the defendant Emanuel McQuiller for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the appeal from so much of the order as granted that branch of the cross-motion of the defendant Emanuel McQuiller which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the defendants Jose Rosario and Fast Trucking 613, Inc., are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157), and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Jose Rosario and Fast Trucking 613, Inc., and dismissing those defendants' second affirmative defense, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the cross-motion of the defendant Emanuel McQuiller which was for summary judgment dismissing all cross-claims insofar as asserted against him, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jose Rosario and Fast Trucking 613, Inc.
The plaintiff commenced this action to recover damages for injuries she allegedly [*2]sustained when a sport utility vehicle operated by the defendant Emanuel McQuiller, in which the plaintiff was a passenger, collided with a Freightliner truck operated by the defendant Jose Rosario and owned by the defendant Fast Trucking 613, Inc. (hereinafter together the truck defendants). Prior to discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability against the truck defendants and dismissing the truck defendants' first and second affirmative defenses, alleging culpable conduct on the part of the plaintiff and on the part of third parties not under the truck defendants' control, respectively. McQuiller cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. By order dated April 12, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion and McQuiller's cross-motion. The truck defendants appeal.
The truck defendants' contention that those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the truck defendants and dismissing the their first and second affirmative defenses and that branch of McQuiller's cross-motion which was for summary judgment dismissing all cross-claims insofar as asserted against him should have been denied as premature pursuant to CPLR 3212(f) is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Dalrymple v Morocho, 208 AD3d 751, 753 [internal quotation marks omitted]; see CPLR 3212[f]). Here, the truck defendants failed to establish either basis, and the "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (Dalrymple v Morocho, 208 AD3d at 753 [internal quotation marks omitted]; see Elfe v Roman, 219 AD3d 1304, 1306).
When moving for summary judgment on the issue of liability in a negligence action, a plaintiff "must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Elfe v Roman, 219 AD3d at 1305 [internal quotation marks omitted]; see Valdez v MTA Bus Co., 210 AD3d 819, 820). A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law (see Vehicle and Traffic Law § 1128[a]; Ferguson v City of New York, 209 AD3d 981, 982; Choo v Virginia Transp. Corp., 204 AD3d 743, 744). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability against the truck defendants by submitting evidence that, as Rosario was trying to merge into the left lane, he did not see McQuiller's vehicle (see Choo v Virginia Transp. Corp., 204 AD3d at 744; see also Hernandez v Flores, 226 AD3d 982). However, the truck defendants raised a triable issue of fact in opposition. Among other things, Rosario's affidavit demonstrated that, before merging into the left lane, Rosario activated his turn signal and looked in his side- and rear-view mirrors and over his left shoulder to confirm that there were no vehicles proceeding in the left lane. This affidavit raised triable issues of fact as to whether each driver engaged in negligent conduct that was a proximate cause of the accident. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the truck defendants (see Abaev v Reddy Raw, Inc., 146 AD3d 846, 847) and dismissing the truck defendants' second affirmative defense, alleging culpable conduct on the part of third parties not under the truck defendants' control.
However, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the truck defendants' first affirmative defense, alleging culpable conduct on the part of the plaintiff. "[A]lthough a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Ali v Alam, 223 AD3d 642, 644; see Sapienza v Harrison, 191 AD3d 1028, 1029). Here, there is no dispute that the plaintiff was a passenger in McQuiller's vehicle, and the truck defendants' submissions failed to suggest that the plaintiff bore any fault in the happening of the accident (see Silva v Rabbani, 227 AD3d 1026, 1029; Morris v Dorota, 187 AD3d 1174, 1174-1175).
With respect to that branch of McQuiller's cross-motion which was for summary judgment dismissing all cross-claims insofar as asserted against him, "[s]ince there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Valdez v MTA Bus Co., 210 AD3d at 821 [internal quotation marks omitted]; Fargione v Chance, 154 AD3d 713, 714). Here, McQuiller's submissions, which included Rosario's affidavit, presented a triable issue of fact as to whether McQuiller's negligent conduct was a proximate cause of the accident (see Abaev v Reddy Raw, Inc., 146 AD3d at 847). Since McQuiller failed to satisfy his prima facie burden, the Supreme Court should have denied that branch of his cross-motion which was for summary judgment dismissing all cross-claims insofar as asserted against him without regard to the sufficiency of the truck defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court