Laborde v Creative Closet & Design, Inc. (2025 NY Slip Op 04166)

Laborde v Creative Closet & Design, Inc.

2025 NY Slip Op 04166

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-04011
 (Index No. 533767/22)

[*1]Trecy Laborde, respondent, 
v
Creative Closet and Design, Inc., et al., appellants.

Baxter & Smith, P.C., Hicksville, NY (Patrick H. Thompson and Arthur J. Smith of counsel), for appellants.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Heela D. Capell, J.), dated April 4, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In October 2021, a vehicle owned by the defendant Creative Closet and Design, Inc., and operated by the defendant Shameen Mohamed Sadeek collided with a vehicle owned and operated by the plaintiff. Prior to the accident, both vehicles were traveling in the same direction on Jericho Turnpike in Nassau County, with the defendants' vehicle in the left lane and the plaintiff's vehicle in the right lane. In November 2022, the plaintiff commenced this action, inter alia, to recover damages for personal injuries that she allegedly sustained as a result of the accident. Prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint and the plaintiff opposed the motion. By order dated April 4, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "[A] driver is negligent if he or she makes an unsafe lane change (see Vehicle and Traffic Law § 1128[a]), or fails to see that which, through the proper use of one's senses, should have been seen" (Fogel v Rizzo, 91 AD3d 706, 707). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). "There can be more than one proximate cause of an accident" (Estate of Cook v Gomez, 138 AD3d 675, 676-677), and, "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Bermejo v Khaydarov, 155 AD3d 597). "However, the issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889; see Howard v Poseidon Pools, 72 NY2d at 974; Estate of Cook v Gomez, 138 AD3d at 677).
Here, the defendants established their entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, an affidavit of Sadeek and dashcam video footage, which demonstrated that at the time of the accident, the defendants' vehicle was fully within the left lane, traveling straight, and that the plaintiff's negligent operation of her vehicle was the sole proximate cause of the accident (see Guido v Dagnese, 214 AD3d 715, 716-717; Hamer v Dunn, 205 AD3d 778, 779).
In opposition, the plaintiff submitted her own affirmation, which raised triable issues of fact as to how the accident occurred and whether Sadeek was negligent in the operation of the defendants' vehicle (see Wasilewska v Long Is. Compost Corp., 234 AD3d 802; Choudhary v DiSilvio, 225 AD3d 837; Butbul v City of New York, 147 AD3d 897, 899). Contrary to the defendants' contentions, the dashcam video footage, which depicted the roadway ahead of the defendants' vehicle, but did not depict the impact itself, did not unequivocally demonstrate that the plaintiff's vehicle entered Sadeek's lane of travel (cf. Vigdorchik v Vigdorchik, 209 AD3d 923, 924), and the Supreme Court did not improvidently exercise its discretion in considering the plaintiff's untimely opposition papers (see CPLR 2004, 2214; Fernandez v City of Yonkers, 139 AD3d 895, 896; Lawrence v Celtic Holdings, LLC, 85 AD3d 874, 875). Accordingly, the court properly denied the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the plaintiff's remaining contention.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court