Magarin-Reyes v Gonzalez (2026 NY Slip Op 00366)

Magarin-Reyes v Gonzalez

2026 NY Slip Op 00366

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-09603
 (Index No. 607447/21)

[*1]Jose Magarin-Reyes, appellant, 
vJoann Gonzalez, et al., respondents.

The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated June 24, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he alleged he sustained when his bicycle collided with a vehicle operated by the defendant Joann Gonzalez and owned by the defendant Ralph Gonzalez. The front tire of the plaintiff's bicycle impacted the area around the right rear tire of the defendants' vehicle. The defendants' vehicle was traveling straight, and the plaintiff, whose direction of traffic was governed by a yield sign, was attempting to merge into the defendants' direction of traffic. At this juncture, the defendants' vehicle was not governed by any traffic control device. In an order dated June 24, 2024, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "With few exceptions . . . , a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (Palma v Sherman, 55 AD3d 891, 891, citing Vehicle and Traffic Law § 1231). "A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law" (Choo v Virginia Transp. Corp., 204 AD3d 743, 744; see Vehicle and Traffic Law § 1142[b]). "Moreover, a driver of a vehicle with the right-of-way is entitled to anticipate that the driver in the lane next to him or her will obey the traffic laws requiring them to yield to a driver with the right-of-way" (Vigdorchik v Vigdorchik, 209 AD3d 923, 924).
Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff was negligent in failing to yield the right-of-way and that his negligence was the sole proximate cause of the accident (see Vehicle and Traffic Law §§ [*2]1142[b]; 1172[b]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court