Morris v Dorota (2020 NY Slip Op 06117)





Morris v Dorota


2020 NY Slip Op 06117


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-09129
 (Index No. 150202/17)

[*1]Victoria Morris, respondent,
v
Choma Dorota, et al., appellants, et al., defendant (and a third-party action).


Morris, Duffy, Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Erol B. Gurcan of counsel), for defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Choma Dorota and B Max Corporation appeal from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated June 21, 2018. The order, insofar as appealed from, granted the plaintiff's cross motion, in effect, for summary judgment determining that the plaintiff was not at fault in the happening of the accident.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On December 5, 2016, a three-vehicle accident occurred in Staten Island. The middle vehicle was operated by the defendant Bonnie Rogers. The plaintiff, Rogers's mother, was sitting in the front passenger seat of the middle vehicle at the time of the accident. The rearmost vehicle was operated by the defendant Choma Dorota and owned by the defendant B Max Corporation. The plaintiff commenced this action against Rogers, Dorota, and B Max Corporation. The plaintiff cross-moved, in effect, for summary judgment determining that she was not at fault in the happening of the accident. The Supreme Court granted the cross motion. Dorota and B Max Corporation appeal.
The plaintiff sustained her prima facie burden on her cross motion, in effect, for summary judgment determining that she was not at fault in the happening of the accident. The plaintiff demonstrated, prima facie, that she did not engage in any culpable conduct that contributed to the happening of the accident (see Romain v City of New York, 177 AD3d 590, 591; Medina v Rodriguez, 92 AD3d 850, 851). The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers (see CPLR 3212[g]; Romain v City of New York, 177 AD3d at 591; Jung v Glover, 169 AD3d 782, 783; Medina v Rodriguez, 92 AD3d at 851). In opposition, Dorota and B Max Corporation failed to raise a triable issue of fact as to whether the plaintiff engaged in any culpable conduct that contributed to the happening of the accident.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's cross motion, in effect, for summary judgment determining that she was not at fault in the happening of the accident.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court