Lindo v Katz (2022 NY Slip Op 03379)





Lindo v Katz


2022 NY Slip Op 03379


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2020-00844
 (Index No. 513215/17)

[*1]Chanel Lindo, appellant, 
v
Daniel Katz, et al., respondents.


Law Offices of Spencer H. Herman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents Daniel Katz and Gabriel Katz.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Fox Ride, Inc., and Nestor Ortiz.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 13, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Daniel Katz and Gabriel Katz, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Daniel Katz and Gabriel Katz, and one bill of costs to the defendants Fox Ride, Inc., and Nestor Ortiz payable by the plaintiff.
On April 24, 2017, the plaintiff was a passenger in a taxi owned by the defendant Fox Ride, Inc., and operated by the defendant Nestor Ortiz. The plaintiff allegedly sustained injuries when the taxi collided with a vehicle owned by the defendant Daniel Katz and operated by the defendant Gabriel Katz (hereinafter together the Katz defendants). Subsequently, the plaintiff commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability and dismissing all affirmative defenses alleging comparative negligence and culpable conduct on her part. The Supreme Court granted that branch of the motion which was for summary judgment dismissing all affirmative defenses alleging comparative negligence and culpable conduct, and denied that branch of the motion which was for summary judgment on the issue of liability. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sapienza v Harrison, 191 AD3d 1028, 1029). "If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, [*2]or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Wise v Boyd Bros. Transp., 194 AD3d 1097, 1098).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Fox Ride, Inc., and Ortiz. The evidence submitted by the plaintiff in support of her motion failed to eliminate triable issues of fact as to whether Ortiz was negligent in the operation of the taxi (see S.G. v Singh, 189 AD3d 786, 787).
However, the Supreme Court should have granted the branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Katz defendants. "Pursuant to Vehicle and Traffic Law § 1141, '[t]he operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard'" (Sapienza v Harrison, 191 AD3d at 1029, quoting Ming-Fai Jon v Wager, 165 AD3d 1253, 1253). "A violation of this statute constitutes negligence per se" (Ming-Fai Jon v Wager, 165 AD3d at 1254). Here, the evidence submitted by the plaintiff in support of her motion, which included the deposition testimony of Gabriel Katz as to the happening of the accident, established, prima facie, that Gabriel Katz was negligent in making a left turn when it was not safe for him to do so in violation of Vehicle and Traffic Law §§ 1141 and 1163, and that his negligence was a proximate cause of the collision (see Jung v Glover, 169 AD3d 782, 783; Giwa v Bloom, 154 AD3d 921, 922). While there are some discrepancies between the deposition testimony of the plaintiff and Gabriel Katz as to the relative position of the vehicles at the time of the impact, even under Gabriel Katz's account, he was "negligent in attempting to make a left turn when the turn could not be made with reasonable safety" (Jung v Glover, 169 AD3d at 783). In opposition, the Katz defendants failed to raise a triable issue of fact. Contrary to their contention, the evidence did not support the possible applicability of the emergency doctrine under the circumstances (see generally Capuozzo v Miller, 188 AD3d 1137, 1138; Vasquez v County of Nassau, 91 AD3d 855, 857).
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court