Ochoa v Townsend (2022 NY Slip Op 05854)

Ochoa v Townsend

2022 NY Slip Op 05854

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2020-07441
 (Index No. 716496/19)

[*1]Lia E. Ochoa, respondent, 
v
Tracy Townsend, et al., appellants, et al., defendants.

Cozen O'Connor, New York, NY (Michael A. Savino and Rachel H. Bevans of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Tracy Townsend and ABC Supply Co., Inc., appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 25, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for summary judgment determining that the plaintiff was not at fault in the happening of the accident and pursuant to CPLR 3211(b) to dismiss the first, second, sixth, thirteenth, fourteenth, and twentieth affirmative defenses asserted by those defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3211(b) to dismiss the first affirmative defense asserted by the defendants Tracy Townsend and ABC Supply Co., Inc., and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
A vehicle in which the plaintiff was a rear seat passenger was involved in an accident with a vehicle operated by the defendant Tracy Townsend while in the scope of his employment with the defendant ABC Supply Co., Inc. (hereinafter together the defendants). The plaintiff commenced the instant action to recover damages for personal injuries she allegedly sustained against, among others, the defendants. The defendants interposed an answer, asserting various affirmative defenses and cross claims. Thereafter, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were, in effect, for summary judgment determining that she was not at fault in the happening of the accident and pursuant to CPLR 3211(b) to dismiss the first, second, sixth, thirteenth, fourteenth, and twentieth affirmative defenses asserted by the defendants.
The Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment determining that she was not at fault in the happening of the accident. The plaintiff demonstrated, prima facie, that she did not engage in any culpable conduct that contributed to the happening of the accident (see Morris v Dorota, 187 AD3d 1174; Romain v City of New York, 177 AD3d 590, 591; Medina v Rodriguez, 92 AD3d 850, 851). The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between [*2]two defendant drivers (see CPLR 3212[g]; Morris v Dorota, 187 AD3d at 1174-1175; Romain v City of New York, 177 AD3d at 591; Jung v Glover, 169 AD3d 782, 783; Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24-25; Medina v Rodriquez, 92 AD3d at 850). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Moreover, the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 3211(b) to dismiss the defendants' second, sixth, thirteenth, fourteenth, and twentieth affirmative defenses, as those affirmative defenses either were not stated or are without merit as a matter of law (see id.; Mazzei v Kyriacou, 98 AD3d 1088, 1088-1089; Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 880, 882).
However, the Supreme Court should have denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3211(b) to dismiss the defendants' first affirmative defense, alleging that the complaint fails to state a cause of action. "[N]o motion by the plaintiff lies under CPLR 3211(b) to strike the defense [of failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim" (Butler v Catinella, 58 AD3d 145, 150; see Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044; Mazzei v Kyriacou, 98 AD3d at 1089).
The defendants' remaining contentions are without merit.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court