Delgado v Lachman (2023 NY Slip Op 04190)

Delgado v Lachman

2023 NY Slip Op 04190

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04768
 (Index No. 719564/18)

[*1]Caihong Delgado, plaintiff-respondent,
v
Justin Lachman, et al., appellants, MTA Bus Company, et al., defendants-respondents, et al., defendant.

Montfort, Healy, McGuire & Salley, LLP, Garden City, NY (John W. Hoefling and Jeffrey Present of counsel), for appellants.
Caesar & Napoli, P.C., New York, NY (Kelsey M. Crowley of counsel), for plaintiff-respondent.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia and Christopher M. Grimaldi of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Justin Lachman and Veerasammy Lachman appeal from stated portions of an order of the Supreme Court, Queens County (Joseph Risi, J.), dated June 3, 2020. The order, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Justin Lachman and Veerasammy Lachman.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Justin Lachman and Veerasammy Lachman, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2017, the plaintiff was a passenger on a bus operated by the defendant Eric McClain (hereinafter the MTA driver) and owned by the defendants MTA Bus Company, Metropolitan Transportation Authority, and New York City Transit Authority. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained after the bus came into contact with the rear of a vehicle owned by the defendant Veerasammy Lachman and [*2]operated by the defendant Justin Lachman (hereinafter together the Lachman defendants). Before depositions were held, the plaintiff moved, inter alia, for summary judgment on the issue of liability against the Lachman defendants. The Supreme Court, among other things, granted that branch of the plaintiff's motion. The Lachman defendants appeal.
The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Lachman defendants. "The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers" (Ochoa v Townsend, 209 AD3d 867, 868; see Morris v Dorota, 187 AD3d 1174, 1174). Nonetheless, "if the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Lindo v Katz, 205 AD3d 1016, 1017). In support of her motion, the plaintiff submitted her own affidavit and a certified police accident report, which constituted admissible hearsay evidence (see Yassin v Blackman, 188 AD3d 62, 65-67; Memenza v Cole, 131 AD3d 1020, 1021-1022). The plaintiff, however, failed to establish, prima facie, that the Lachman defendants were at fault for or contributed to the happening of the accident by allegedly stopping short (see Taylor v Brat Auto Sales, Ltd., 145 AD3d 701, 702; Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1128). Accordingly, the court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Lachman defendants, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Lachman defendants' remaining contentions are without merit.
We decline the Lachman defendants' request to search the record and award them summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court