| **Drummonds v Gvozdik** |
| --- |
| 2024 NY Slip Op 33477(U) |
| September 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507715/2022 |
| Judge: Patria Frias-Colón |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                    Part 20
HON. PATRIA FRIAS-COLÓN, J.S.C.
---------------------------------------------X
Margaret Antoinette Drummonds,

                    PLAINTIFF,

            -against-

Igor Gvozdik, New York City Transit Authority,
Manhattan and Bronx Surface Transit Operating
Authority, MTA Bus Company and Metropolitan
Transportation Authority,

                              DEFENDANTS.
---------------------------------------------X

Index # 507715/2022
Cal. # 6  Mot. Seq. # 1

**AMENDED
DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc. #'s 22-31, 42 by Plaintiff
NYSCEF Doc. #'s 39-40 by Defendant Transit

Upon the foregoing cited papers and after oral argument on February 28, 2024, pursuant to CPLR § 3212, Plaintiff's Motion for Summary Judgment against Defendants Igor Gvozdik, New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, MTA Bus Company and Metropolitan Transportation Authority (collectively "Transit") on the issue of liability is GRANTED. Plaintiff's Motion to Strike Defendants' Affirmative Defense of Comparative Negligence is DENIED.

**Background**

Plaintiff commenced the instant action by filing a summons and verified complaint on March 16, 2022 against the Transit Defendants. According to the complaint, on January 15, 2021, Plaintiff was a passenger on a bus ("the bus") and was injured when the bus was involved in a collision causing Plaintiff to fall[1]. Plaintiff alleges being severely injured, bruised and wounded, suffered, and will continue to suffer, physical pain and bodily injuries and became sick, sore, lame, and disabled for a considerable length of time[2]. On May 6, 2022, Defendants filed a verified answer and asserted the following four affirmative defenses: (1) plaintiff's culpable conduct; (2) collateral source; (3) emergency doctrine; and (4) failure to mitigate damages[3].

**Parties' Contentions**

In support of her motion, Plaintiff argues that the accident occurred when Defendants' bus left the bus lane located on the far-right side of Rogers Avenue and entered a left regular traffic lane when it struck a non-party vehicle which was travelling within the regular traffic lane[4]. Plaintiff alleges that the bus driver, Defendant Igor Gvozdik, negligently failed to see what was there to be seen when he attempted to

---

[1] *Id*. at ¶¶ 32, 94-95.
[2] *Id*. at ¶ 97.
[3] NYSCEF Doc No. 8.
[4] NYSCEF Doc No. 23 at ¶ 9.

[* 1]

change lanes under circumstances where it was unsafe to do so in violation of Vehicle and Traffic Law ("VTL") § 1128 (a), and that his negligent operation of the bus was the sole proximate cause of the accident[5]. Plaintiff asserts that said VTL violation constitutes negligence as a matter of law and that a driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws which require him or her to yield[6]. Specifically, Plaintiff asserts that Defendants violated VTL §§ 1143 and 1162 as the bus driver had a duty not to merge into a lane of moving traffic until it was safe to do so[7].

In support of her motion, Plaintiff submits video evidence consisting of seven different camera recordings of the accident, the supervisor accident/incident report, and the testimony of the Plaintiff and the bus operator. Plaintiff maintains that she was an innocent passenger when the bus operator caused the accident by unexpectedly proceeding from the designated bus lane to the regular traffic lane[8]. Plaintiff contends that she established that she did not engage in any culpable conduct that contributed to the happening of the accident as she was a mere passenger, without any control over the bus's positioning and operation upon the roadway[9]. Lastly, Plaintiff asserts that the bus operator did not certify that Plaintiff was sitting down or holding onto something before he proceeded driving, thereby violating Metropolitan Transportation Authority's protocol[10].

In opposition, Defendants contend that the bus operator was not required to wait until the Plaintiff found a seat before proceeding[11]. Defendants assert that once Plaintiff boarded safely and walked past the white standee line, she was free to stand or sit anywhere she chose, and the bus operator did not have to wait for her to sit, stand or hold onto a pole, neither of which Plaintiff did here[12]. Defendants maintain that Plaintiff's argument that a bus operator must "certify" that passengers are sitting down or holding onto something is simply not a requirement under the applicable law[13]. In addition, Defendants claim that had Plaintiff been seated, she would not have fallen and thus the portion of the motion seeking dismissal of the comparative fault affirmative defense must be denied[14].

Defendants contend the video depicts Plaintiff boarding the bus and 14 seconds elapsed after the Plaintiff boarded before the bus began to roll forward at 0 miles per hour[15]. Defendants further highlight the video shows Plaintiff failing to hold onto anything or sit down roughly 20 seconds after she boarded the bus or at any time before the subject accident took place[16]. In addition, Defendants note that the non-party vehicle that came into contact with the bus left the scene of the accident without providing their information[17]. Defendants argue that the non-party vehicle was an intervening cause which obviates a finding that the Defendants' negligence proximately caused Plaintiff's injuries[18].

---

[5] *Id*. at ¶ 23.
[6] NYSCEF Doc No. 23 at ¶ 25.
[7] *Id*. at ¶ 26.
[8] *Id*. at ¶ 27.
[9] *Id*. at ¶ 30.
[10] *Id*. at ¶ 15.
[11] NYSCEF Doc No. 39 at ¶ 9.
[12] *Id*. at ¶ 10.
[13] *Id*. at ¶ 11.
[14] *Id*.
[15] *Id*. at ¶ 15.
[16] *Id*. at ¶ 16.
[17] *Id*. at ¶ 17.
[18] *Id*.

2

[* 2]

In reply, Plaintiff states she made a *prima facie* showing that the bus operator's negligence caused the accident and consequently Plaintiff's injuries[19]. Plaintiff contends that while she was adjusting herself within the bus and preparing to sit down, the bus operator prematurely exited the bus lane of traffic and entered the regular lane without properly certifying that lane was clear of traffic[20]. Plaintiff further asserts that prior to the accident, there was another bus (first bus) travelling directly in front of the subject bus in the designated bus lane[21]. Instead of waiting for the first bus to complete service, the bus operator decided to go around the first bus thereby causing the subject accident[22].

Plaintiff further argues that Defendants' claim that the non-party vehicle was an intervening cause should be disregarded as the facts of the case do not warrant such conclusion[23]. Plaintiff contends that Defendants' claim that the non-party vehicle fled the scene is false as the video footage shows that the driver of the non-party vehicle remained at the scene of the accident for a period of time and interacted with the subject bus driver after the accident[24]. Furthermore, Plaintiff asserts that even if there is a chance that the non-party vehicle was negligent, the case law is clear that an innocent passenger is entitled to summary judgment on the issue of liability despite the existence of any unresolved questions as to the apportionment of fault between other defendants[25]. Plaintiff maintains that her alleged failure to sit down or secure herself within the bus is not relevant to the issue of liability but, rather, may be pleaded as an affirmative defense[26]. In conclusion, Plaintiff argues that Defendants failed to provide a non-negligent explanation for the occurrence of the subject accident as the bus driver exited the bus lane and entered the regular lane of traffic when it was not safe to do so.

## Discussion

"To obtain summary judgment it is necessary that the movant establish his [or her] cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his [or her] favor" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "On the other hand, to defeat a motion for summary judgment the opposing party must show facts sufficient to require a trial of any issue of fact" (*id*.). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (*Khutoryanskaya v Laser & Microsurgery, P.C.*, 222 AD3d 633, 635 [2d Dept 2023]; *see also Schumacher v Pucciarelli*, 161 AD3d 1205 [2d Dept 2018]).

"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (*Guido v Dagnese*, 214 AD3d 715, 717 [2d Dept 2023]; *see also Lindo v Katz*, 205 AD3d 1016, 1016-1017 [2d Dept 2022]). "A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability" (*Guido,* 214 AD3d at 717). "The right of an

---

[19] NYSCEF Doc No. 42 at ¶ 2.
[20] *Id*. at ¶ 4.
[21] *Id*. at ¶ 5.
[22] *Id*. at ¶ 5.
[23] *Id*. at ¶ 6.
[24] *Id*. at ¶ 9.
[25] I*d*. at ¶ 10.
[26] *Id*. at ¶ 14.

3

[* 3]

innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers" (*Delgado v Lachman*, 219 AD3d 580, 580 [2d Dept 2023]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" and "a driver is negligent if he or she makes an unsafe lane change, or fails to see that which, through the proper use of one's senses, should have been seen" (*Salama v Piccirillo*, 223 AD3d 692, 693 [2d Dept 2024]; *see* VTL § 1128 [a]; *see also Fogel v Rizzo*, 91 AD3d 706 [2d Dept 2012]). "A driver has a duty not to merge into a lane of moving traffic until it is safe to do so…" (*Salama,* 223 AD3d at 693, quoting *Vigdorchik v Vigdorchik*, 209 AD3d 923 [2d Dept 2022]; *see Ferguson v City of New York*, 209 AD3d 981 [2d Dept 2022]).

Here, Plaintiff established entitlement to judgment as a matter of law on the issue of the Defendants' liability. The bus driver testified that he "started moving from the bus stop…to the left[,] and at [that] point, there was a contact of the bus with another vehicle…"[27] The bus operator further stated that "there [were] two more lanes…and [the bus operator] crossed one…started moving [to] the other one, and [the bus] touched the [non-party] vehicle."[28] He further testified that he looked at the side view mirror before leaving the bus stop area and did not see any car coming to the bus's left.[29]

The bus's surveillance video, which was submitted by the Plaintiff and referenced by Defendants in their opposition papers, is admissible as it was properly authenticated by the bus operator's deposition testimony (*see Pappas v New York City Tr. Auth.*, 208 AD3d 890, 892-893 [2d Dept 2022])[30]. The video clearly demonstrates that the bus operator drove away from the bus stop and attempted to pass the first bus located in the designated bus lane by merging into the regular traffic lane when it made contact with the non-party vehicle. Specifically, at around the 15:15:02 mark, cameras labeled "no. four" and "forward facing" depict that the point of contact was the front driver side of the bus and the back passenger side or rear of the non-party vehicle indicating that the bus merged into the non-party vehicle. Importantly, there is no testimony from the bus driver alleging that the non-party driver was negligent; nor is there any other testimony that provides a non-negligent explanation as to how the accident occurred. As such, Plaintiff established entitlement to judgment as a matter of law on the issue of liability as the video surveillance and deposition testimony submitted in support of Plaintiff's motion demonstrates that the bus operator violated VTL § 1128 [a] (*see Reyes-Diaz v Quest Diagnostic Inc.*, 123 AD3d 790, 791 [2d Dept 2014]). In opposition, Defendants failed to raise a triable issue of fact.

The portion of the motion seeking to strike Defendants' affirmative defense asserting that Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's culpable conduct is denied. "To be entitled to partial summary judgment a plaintiff does not bear the…burden of establishing…the absence of his or her own comparative fault" (*Frankel v Jaroslawicz*, 225 AD3d 742, 743 [2d Dept 2024]; *see also Rodriguez v City of New York*, 31 NY3d 312, 324-325 [2018]). However, "[e]ven though a plaintiff is no longer required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (*id*.). "A determination of comparatively negligence is almost invariably a question of fact and is for the jury to determine in all but

---

[27] NYSCEF Doc No. 29 at pg. 98:10-18.

[28] *Id*. at pg. 99:2-4.

[29] *Id*. at pgs. 100:17-101:10.

[30] *Id*. at pgs. 150:14-151:20.

4

[* 4]

the clearest of cases" (*Ormond v MTA/New York City Tr. Auth.*, 210 AD3d 998, 1000 [2d Dept 2022]; *see Shea v New York City Tr. Auth.*, 289 AD2d 558 [2d Dept 2001]; *see also Russo v Pearson*, 148 AD3d 1762, 1763 [4th Dept 2017]).

In the instant matter, Plaintiff failed to establish that she was free from comparative negligence in bringing about the purported injuries. The video demonstrates that Plaintiff was on the bus, which was virtually empty, for roughly 15-20 seconds before the accident occurred, including nearly 8 seconds in which she stood directly in front of an open seat and numerous available poles, handholds, and grab bars, and failed to secure herself as the bus proceeded on its route (*see generally Trudell v New York R.T. Corp.*, 281 NY 82 [1939]). Since comparative negligence is relevant to the mitigation of Plaintiff's damages, under the circumstances of this case, Plaintiff failed to establish entitlement to judgment warranting dismissal of Defendants' affirmative defense as to Plaintiff's culpable conduct (*see Cumbal v 83-09 35th Realty, LLC.*, 223 AD3d 968 [2d Dept 2024]; *Rodriguez*, 31 NY3d at 324-325; *see also Romain v City of New York*, 177 AD3d 590 [2d Dept 2019] [holding that plaintiff's alleged failure to wear a seatbelt may be introduced into evidence in mitigation of damages]).

**Conclusion**

All arguments raised on the motion and evidence submitted by the parties in connection thereto have been considered, regardless of whether they are specifically discussed herein.

Accordingly, it is hereby **ORDERED** that the portion of Plaintiff's motion for summary judgment against the Defendants on the issue of liability is granted.

It is further **ORDERED** that the portion of Plaintiff's motion seeking to dismiss Defendants' affirmative defense that Plaintiff was comparatively at fault is denied.

This constitutes the Decision and Order of the Court.

Date:     September 30, 2024
                 Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

5

[* 5]