Gordon v Rasier-NY, LLC (2025 NY Slip Op 03308)

Gordon v Rasier-NY, LLC

2025 NY Slip Op 03308

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-08988
 (Index No. 717907/21)

[*1]Shawn M. Gordon, respondent, 
v
Rasier-NY, LLC, et al., appellants, et al., defendants.

Goldberg Segalla LLP, White Plains, NY (William T. O'Connell of counsel), for appellants.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendant Jean M. Gerbeau.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Rasier-NY, LLC, Uber USA, LLC, Uber Technologies, Inc., and Rasier-CA, LLC, appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered September 28, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Rasier-NY, LLC, Uber USA, LLC, Uber Technologies, Inc., and Rasier-CA, LLC, and dismissing those defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Rasier-NY, LLC, Uber USA, LLC, Uber Technologies, Inc., and Rasier-CA, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was a passenger in a vehicle operated by the defendant Cavion Leighton Johnson when the vehicle was involved in a collision with a vehicle operated by the defendant Jean M. Gerbeau. The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the collision. The plaintiff alleged, inter alia, that the defendants Rasier-NY, LLC, Uber USA, LLC, Uber Technologies, Inc., and Rasier-CA, LLC (hereinafter collectively the Uber defendants), were negligent in hiring or supervising Gerbeau and in allowing Gerbeau to operate the vehicle.
Rasier-NY, LLC, Uber USA, LLC, and Rasier-CA, LLC, interposed an answer together, in which they asserted, inter alia, an affirmative defense alleging comparative negligence. Uber Technologies, Inc., separately interposed an answer, in which it likewise asserted, among other things, an affirmative defense alleging comparative negligence.
The plaintiff moved, inter alia, for summary judgment on the issue of liability against the Uber defendants and dismissing their affirmative defenses alleging comparative negligence. The Uber defendants opposed those branches of the motion. The Supreme Court, among other things, [*2]granted those branches of the motion. The Uber defendants appeal.
A plaintiff moving for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence must establish, prima facie, freedom from comparative negligence as a matter of law (see Kutsankou v Brink's Inc., 222 AD3d 855, 856; Pezzolla v Family Fruit 2, Inc., 220 AD3d 897, 898). "The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers" (Ochoa v Townsend, 209 AD3d 867, 868; see Morris v Dorota, 187 AD3d 1174; Medina v Rodriguez, 92 AD3d 850, 850).
In moving for summary judgment on the issue of a defendant's liability, a plaintiff is required to establish, prima facie, "that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Poon v Nisanov, 162 AD3d 804, 807; see Rodriguez v City of New York, 31 NY3d 312, 319). If a plaintiff in an action involving a motor vehicle accident fails to demonstrate, prima facie, that the defendant operator of an allegedly offending vehicle was at fault, or if triable issues of fact are raised by that defendant in opposition, summary judgment on the issue of that defendant's liability must be denied, even if the moving plaintiff was an innocent passenger (see Quintero v Boyle, 221 AD3d 925, 926; Wise v Boyd Bros. Transp., Inc., 194 AD3d 1096, 1098).
Here, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the Uber defendants' affirmative defenses alleging comparative negligence. The plaintiff demonstrated, prima facie, that he did not engage in any culpable conduct that contributed to the happening of the accident (see Ochoa v Townsend, 209 AD3d at 868; Morris v Dorota, 187 AD3d at 1174; Romain v City of New York, 177 AD3d 590, 591; Medina v Rodriguez, 92 AD3d at 851). In opposition, the Uber defendants failed to raise a triable issue of fact. Moreover, contrary to the Uber defendants' contention, an award of summary judgment dismissing those affirmative defenses was not premature (see Romain v City of New York, 177 AD3d at 592). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Dalrymple v Morocho, 208 AD3d 751, 753 [internal quotation marks omitted]; see CPLR 3212[f]). Here, the Uber defendants failed to make such a demonstration, and the "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (Dalrymple v Morocho, 208 AD3d at 753 [internal quotation marks omitted]; see Elfe v Roman, 219 AD3d 1304, 1306).
However, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Uber defendants. The plaintiff failed to demonstrate, prima facie, that Gerbeau was negligent in the happening of the accident (see Guido v Dagnese, 214 AD3d 715, 717; Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24).
The Uber defendants' remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court